UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESMOND M. WITHERSPOON,<br><br>                Plaintiff,<br><br>    -against-<br><br>LATAYA RIVERA, et al.,<br><br>                Defendants. | ORDER<br><br>15-CV-4328 (LAP)<br><br>15-CV-4915 (LAP) |
| DESMOND M. WITHERSPOON,<br><br>                Plaintiff,<br><br>    -against-<br><br>RAYMOUR & FLANIGAN, et al.,<br><br>                Defendants. | |

LORETTA A. PRESKA, United States District Judge:

Plaintiff, who appears *pro se*, submitted letters in both of these actions on January 10, 2018, in which he makes single-sentence requests that the Court (1) "remove" the respective mandates from these actions, and (2) grant verdicts in his favor. *Witherspoon v. Rivera*, No. 15-CV-4328 (LAP) (ECF No. 15); *Witherspoon v. Raymour & Flanigan*, No. 15-CV-4915 (LAP) (ECF No. 14). Plaintiff makes these requests years after the Court dismissed each action, and more than a year after the United States Court of Appeals for the Second Circuit dismissed his respective appeals. The Court construes these letters as requests under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the judgment of dismissal of each action. For the reasons discussed below, the Court denies Plaintiff that relief.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year of the date of entry of the order or judgment the motion seeks to challenge. Fed. R. Civ. P. 60(c)(1).

Plaintiff's requests for relief under Rule 60(b)(1), (2), or (3) are untimely because they are made years after the entry of the judgment of dismissal of each of these actions. Moreover, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in Rule 60(b)(1) through (5) applies. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court must also deny him that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court construes the letters from Plaintiff in these actions that were received by the Court on January 10, 2018, to be requests for relief under Rule 60(b) of the Federal Rules of Civil Procedure. *Witherspoon v. Rivera*, No. 15-CV-4328 (LAP) (ECF No. 15); *Witherspoon v. Raymour & Flanigan*, No. 15-CV-4915 (LAP) (ECF No. 14). The Court denies these requests.

These actions are closed. The Court directs the Clerk of Court to not accept for filing any future documents from Plaintiff in either of these actions, except for those that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 12, 2018
         New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
United States District Judge